## Kobige v. Babcock

*E. Mac Troutman, Robert M. Zimmerman and W. Alan Williams*, for plaintiffs.

*Joseph A. McKenna*, for defendant.

*John E. Lavelle*, for additional defendant.

CURRAN, P. J., June 28, 1965.—On July 13, 1964, plaintiffs in this case instituted an action in trespass to recover for damages caused by defendant to an automobile owned by one of the plaintiffs. In a second count, the other plaintiff sought recovery of damages for a plastic prosthesis damaged beyond repair in the accident allegedly caused by the negligence of defendant. Plaintiffs claim damages in the following amounts: $653.32 for damages to the automobile, and $125 for damage to the prosthesis, which amounts being below $2,000 the case at point was subject to our local rules for arbitration.

On November 9, 1964, defendant filed an answer and a counterclaim for damages to his 1963 Ford, which he claimed had a market value of $3,025 prior to the accident and only $900 after the accident, resulting in a loss of $2,125. In addition, defendant claims damages because of various medical expenses in the amount of $537.95, incurred by himself as a result of the accident. Defendant, therefore, claimed damages in excess of $2,000 in his counterclaim. Defendant then ordered the case on the trial list.

The question presently before the court is whether or not this case should be tried by a board of arbitration or whether it is a matter for trial by a jury because the amount in controversy exceeds $2,000.

The rule which controls this matter is rule 217, section T, of the rules of the Court of Common Pleas of Schuylkill County, which provides as follows:

"T. This Rule shall apply to cases involving more than one claim including counterclaims, if none of such claims exceeds $2,000.00."

It is evident in this case that the counterclaim exceeds $2,000 and, therefore, the entire matter is removed from the jurisdiction of the board of arbitration.

Plaintiff in this case has cited the case of Shalamanda v. Laudeman, 18 D. and C. 2d 734 (1959), wherein this court denied a petition for consolidation of two cases. However, an examination of that case indicates that the facts in that case are entirely different from the facts in the case at hand. In Shalamanda v. Laudeman, supra, there were two different actions filed. In the case at hand, we have a single cause of action and a counterclaim. For this reason, the case at hand is controlled by our local rules of court.

As we stated in the Shalamanda case, supra, an investigation may be directed under Pennsylvania Rule of Civil Procedure 1044 (d) to determine if a case falls within the arbitration rule. However, after a careful examination of the complaint and the counterclaim, it is evident that the damages exceed the jurisdictional limits of $2,000 established by the arbitration rule.

For the reason stated above, the case is ordered to remain on the trial list, to be tried by a jury in compliance with the rules applicable to cases wherein the amount in controversy exceeds $2,000.

And now, June 28, 1965, plaintiffs' motion to strike the case from the trial list is denied.

And now, June 28, 1965, upon motion of counsel for plaintiffs, an exception is noted.